45 P.3d 1062 (2002)
STATE of Washington, Respondent,
v.
Kurt L. JONES, Petitioner.
No. 70869-0.
Supreme Court of Washington, En Banc.
Argued November 27, 2001.
Decided May 9, 2002.
*1063 Thomas Doyle, Hansville, Patricia Pethick, Tacoma, for Petitioner.
Gary P. Burleson, Mason County Prosecutor, Carol L. Case, Deputy, Shelton, for Respondent.
MADSEN, J.
Defendant Kurt Jones was stopped for a traffic violation and subsequently arrested on an outstanding warrant. After Jones was arrested, deputies searched his passenger's purse and seized a firearm found in the purse. Prior to trial, Jones moved to suppress the firearm. The trial court denied Jones's motion, and Jones was convicted of unlawful possession of a firearm. Jones appealed, arguing that the police unlawfully searched his passenger's purse. The Court of Appeals affirmed Jones's conviction. We hold that the search of a passenger's purse is not justified incident to a driver's arrest absent evidence that the passenger's purse was in the immediate control of the driver.
We reverse.

*1064 FACTS
On November 15, 1997, about midnight, Deputy Kenneth McGill stopped Jones for a traffic violation. Moments later Deputy Michael Hayes arrived at the scene. McGill learned from the dispatcher that Jones had an outstanding arrest warrant. McGill arrested Jones and placed him in his patrol car.
Jones's girl friend, Marie Gale, was a passenger in the vehicle. Deputy Hayes approached Ms. Gale on the passenger side of the vehicle and asked for her identification, which she produced from her purse. A computer check indicated she had no outstanding warrants.
After Deputy McGill removed Jones from the car, the officers directed Ms. Gale to exit the vehicle so it could be searched. After she exited, Deputy Hayes told Ms. Gale to return her purse to the car. She complied. Deputy Hayes placed her in his patrol car but advised that she was not under arrest.
The deputies then searched Jones's car, including Ms. Gale's purse. They found a firearm in her purse. Dispatch reported that the gun was stolen. Jones was advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He claimed ownership of the gun.

ANALYSIS
The first issue presented in this case is whether the defendant has standing to challenge the search of his passenger's purse incident to his own arrest. Although automatic standing has been the subject of some controversy,[1] and has been abandoned by the U.S. Supreme Court, it "still maintains a presence in Washington." State v. Williams, 142 Wash.2d 17, 22,11 P.3d 714 (2000).
It is well settled that article I, section 7 of the Washington Constitution provides greater protection to individual privacy rights than the Fourth Amendment. E.g. State v. Hendrickson, 129 Wash.2d 61, 69 n. 1, 917 P.2d 563 (1996); State v. Stroud, 106 Wash.2d 144, 148, 720 P.2d 436 (1986); State v. Williams, 102 Wash.2d 733, 741-42, 689 P.2d 1065 (1984). Article I, section 7 provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." This provision is violated when the State unreasonably intrudes upon a person's private affairs. State v. Boland, 115 Wash.2d 571, 577, 800 P.2d 1112 (1990); State v. Myrick, 102 Wash.2d 506, 510, 688 P.2d 151 (1984).
In this case, the alleged intrusion of which Mr. Jones complains is the search of Ms. Gale's purse. Mr. Jones does not claim ownership of the purse and therefore he lacks standing to challenge the search unless he is entitled to assert automatic standing. A person may rely on the automatic standing doctrine only if the challenged police action produced the evidence sought to be used against him. Williams, 142 Wash.2d at 23, 11 P.3d 714. To assert automatic standing a defendant (1) must be charged with an offense that involves possession as an essential element; and (2) must be in possession of the subject matter at the time of the search or seizure. State v. Simpson, 95 Wash.2d 170, 181, 622 P.2d 1199 (1980). Since the charge is unlawful possession of a firearm, the first requirement of Simpson is satisfied in this case because possession is an essential element of the crime charged.
As to the second requirement, possession may be actual or constructive to support a criminal charge. State v. Callahan, 77 Wash.2d 27, 459 P.2d 400 (1969). A defendant has actual possession when he or she has physical custody of the item and constructive possession if he or she has dominion and control over the item. Id. at 29, 459 P.2d 400. Dominion and control means that the object may be reduced to actual possession *1065 immediately. See State v. Simonson, 91 Wash.App. 874, 960 P.2d 955 (1998) (defendant was in possession because dominion and control of the weapons could be immediately exercised); State v. Murphy, 98 Wash.App. 42, 988 P.2d 1018 (1999) (ability to reduce object to actual possession is aspect of dominion and control establishing possession), review denied, 140 Wash.2d 1018, 5 P.3d 10 (2000). However, mere proximity is not enough to establish possession. State v. Potts, 93 Wash.App. 82, 88, 969 P.2d 494 (1998) (citing State v. Robinson, 79 Wash. App. 386, 391, 902 P.2d 652 (1995)). In this case, the Court of Appeals appropriately found that Jones had constructive possession of the purse because he exercised control over his car and the contents therein, he stored items in the purse, and he admitted that the gun in the purse belonged to him.
The Court of Appeals found that Jones had satisfied the requirements of automatic standing. Nevertheless, that court went on to suggest that the continued viability of automatic standing is in doubt after this court's decision in State v. Williams, 142 Wash.2d 17, 11 P.3d 714. This concern appears to arise from a misreading of our Williams decision.
In Williams the defendant challenged an officer's entry into a third party's residence. The contraband at issue was discovered during a search of the defendant pursuant to an arrest warrant. Williams argued that he was entitled to rely on automatic standing to challenge entry into the third party's residence. This court disagreed, finding an insufficient nexus between the contraband found during a search of the defendant's person incident to his arrest on a warrant, and the officer's entry into the third party's apartment.
Williams was denied automatic standing because the challenged police action in that case, an officer's entry into a third party's residence, was not the action that resulted in a search. Rather, the entry facilitated the defendant's arrest on a valid arrest warrant. The search which revealed contraband was conducted incident to that arrest. In other words, the arrest, not the entry, led to the discovery of evidence which supported the subsequent possession charge. Williams was not placed in the position of having to claim ownership of contraband or admit to any criminal conduct to challenge the search of his person. Indeed, his possession of contraband was wholly unrelated to whether police lawfully entered a third party's apartment. Williams merely reiterated the premise underlying automatic standing that the rule is limited to situations where a defendant faces the risk that statements made at a suppression hearing will be used against him later as impeachment evidence. Automatic standing is not a "vehicle to collaterally attack every police search that results in a seizure of contraband or evidence of a crime." Williams, 142 Wash.2d at 23, 11 P.3d 714.
Unlike Williams, there is a direct relationship in this case between the challenged police action and the evidence used against the defendant. Because Jones must choose to either admit he possessed the gun to assert a privacy interest, thereby admitting the essential element in the case against him, or claim he did not possess the weapon, thereby losing his ability to challenge the search, he is entitled to assert automatic standing to challenge the search. This case presents the "self-incrimination dilemma" we were concerned about in Simpson. There we said:
without automatic standing, a defendant will ordinarily be deterred from asserting a possessory interest in illegally seized evidence because of the risk that statements made at the suppression hearing will later be used to incriminate him albeit under the guise of impeachment. For a defendant, the only solution to this dilemma is to relinquish his constitutional right to testify in his own defense.
Simpson, 95 Wash.2d at 180, 622 P.2d 1199.
Accordingly, we hold that Mr. Jones was entitled to rely on automatic standing to challenge the search of Ms. Gale's purse.
The next issue is whether police conducted an impermissible search when they ordered Ms. Gale, a nonarrested passenger, to leave her purse in the vehicle to be searched incident to the driver Jones's arrest. A warrantless search is per se unreasonable *1066 under article I, section 7 of the Washington Constitution. State v. White, 135 Wash.2d 761, 769, 958 P.2d 982 (1998); Hendrickson, 129 Wash.2d at 70, 917 P.2d 563. Exceptions to this requirement are narrowly drawn. White, 135 Wash.2d at 768-69, 958 P.2d 982; Hendrickson, 129 Wash.2d at 71, 917 P.2d 563. The State bears a heavy burden in showing that the search falls within one of the exceptions. See State v. Johnson, 128 Wash.2d 431, 447, 909 P.2d 293 (1996). Here, the State argues that the search of Gale's purse was justified incident to Jones's arrest.
As a threshold matter, a search incident to arrest is a well-recognized exception to the warrant requirement. State v. Vrieling, 144 Wash.2d 489, 492, 28 P.3d 762 (2001). However, this is not an exception without limitations. The exception has been narrowly drawn to address officer safety and prevent the destruction of evidence. Id. at 494, 28 P.3d 762. While recognizing these dual justifications, this court in Stroud also observed that "because of our heightened privacy protection [under article I, section 7], we do not believe that these exigencies always allow a search." Stroud, 106 Wash.2d at 151, 720 P.2d 436. Thus, locked containers within a vehicle may not be searched incident to an occupant's arrest. State v. Fladebo, 113 Wash.2d 388, 779 P.2d 707 (1989).
The State maintains that, unlike a locked container, Ms. Gale's purse is no more than an unlocked container in the passenger compartment and therefore can be searched regardless of its ownership. See Fladebo, 113 Wash.2d at 395, 779 P.2d 707 (a purse is not a locked container and may be searched incident to arrest). We disagree. The fact that the purse is not a "locked container" does not end the inquiry.
We recently addressed the question of whether items belonging to a passenger may be searched incident to the arrest of a driver. State v. Parker, 139 Wash.2d 486, 987 P.2d 73 (1999). Although no single analytical approach garnered a majority vote, the lead opinion and the narrow concurring-dissenting opinion together established that "personal effects of a passenger, such as a purse, jacket, or container, known to the officers to belong to the passenger, may not be searched incident to the arrest of the driver if not in the `immediate control' of the driver." Vrieling, 144 Wash.2d at 494 n. 2, 28 P.3d 762 (summarizing Parker, 139 Wash.2d 486, 987 P.2d 73).
Parker consolidated three cases in which passengers were searched incident to the driver's arrest. We found determinative the fact that none of the passengers searched in the three consolidated cases were under arrest at the time of the search.
In our review of our search incident to arrest jurisprudence we do not find, and the State has not cited to, a single authority for the proposition that the arrest of one person, without more, provides the authority to search another, nonarrested individual.
Parker, 139 Wash.2d at 497, 987 P.2d 73 (plurality); see id. at 518, 987 P.2d 73 (Alexander, J., concurring-dissenting).
We specifically rejected application of the search incident to arrest exception to all those associated with, or in the vicinity of, the arrestee, holding that such a search is unlawful if based solely on a driver's arrest. Id. at 498, 987 P.2d 73 (plurality); see id. at 518, 987 P.2d 73 (Alexander, J., concurring-dissenting). Absent an individualized suspicion that a person is armed and dangerous or independently connected to illegal activity, the search of a passenger incident to the arrest of the driver is invalid under article I, section 7. Parker, 139 Wash.2d at 497-98, 987 P.2d 73 (citing State v. Broadnax, 98 Wash.2d 289, 296, 654 P.2d 96 (1982)); See also State v. Mendez, 137 Wash.2d 208, 218-20, 970 P.2d 722 (1999) (constitutional rights not extinguished by mere presence in lawfully stopped vehicle); State v. Larson, 93 Wash.2d 638, 642-45, 611 P.2d 771 (1980) (lawful vehicle stop does not by itself provide grounds to investigate passenger, article I, section 7, requires independent basis to search passenger).
Here, police searched the nonarrested passenger's purse. Accordingly, we must first determine whether the item searched was a personal effect of the passenger and whether *1067 officers knew the item belonged to the nonarrested person. Parker, 139 Wash.2d at 503, 987 P.2d 73 (plurality); id. at 517-19, 987 P.2d 73, (Alexander, J. concurring-dissenting).
It is undisputed that the purse belonged to Gale, who was not under arrest. She produced her wallet and identification from the purse when she gave it to the officer. In addition, she had the purse on her shoulder when she exited the vehicle. It is also undisputed that the officer knew the purse belonged to Ms. Gale rather than Mr. Jones.
The next question is whether the purse was in Jones's immediate control, thus allowing him to hide contraband in it or gain access to a weapon. In these circumstances, as we explained, a passenger's property may be searched incident to the driver's arrest.
In State v. Hunnel, 139 Wash.2d 486, 987 P.2d 73 (1999), one of the consolidated cases reviewed in Parker, the facts were almost identical to those here. Following a valid vehicle stop, the driver was arrested on outstanding warrants. The sheriff asked the passenger, the driver's wife, for identification which she produced from her purse on the floorboard between her feet. The sheriff then ordered the passenger to get out of the car. When she attempted to bring her purse with her, she was told to leave it in the car. The sheriff then searched the car, including the passenger's purse. Although the discussion regarding the purse was brief, we found that it was not in the driver's control and therefore the search was impermissible.
As in Hunnel, there is no evidence in this case that the purse was in Jones's immediate control. Therefore, the officer's search of Ms. Gale's purse violated article I, section 7.
The State alternatively argues that general concerns for officer safety justified the search of the passenger's purse, regardless of whether the search was valid as incident to Jones's arrest. But this court requires more than a bare assertion of potential danger to officers to validate such a search. Parker, 139 Wash.2d at 499, 987 P.2d 73 (plurality); see also State v. Kennedy, 107 Wash.2d 1,12, 726 P.2d 445 (1986) (generalized concern for officer safety does not justify full search of nonarrested companions). In Kennedy, the officer observed substantial movement in the vehicle before it stopped. As he approached the vehicle the officer observed the passenger lean over and reach under the seat in what the court termed a "furtive gesture." Id. at 11, 726 P.2d 445. The court held that a search of the passenger was justified by the passenger's suspicious conduct. Similarly, in State v. Wilkinson, 56 Wash.App. 812, 785 P.2d 1139 (1990), a search of a passenger was upheld where the officer was alone and recognized two of the passengers as felons he had personally arrested. The officer testified that he felt threatened.
The facts here are substantially different from those in Kennedy and Wilkinson. Here two officers were present when Jones was arrested. The passenger had no outstanding warrants and the officers had no history with her. The officers did not testify to furtive gestures or to any other suspicious or threatening conduct. There was no claim that the officers feared for their safety. Under the facts of this case, we conclude that the search of Gale's purse cannot be justified on the basis of concerns for officer safety.

CONCLUSION
We hold that Jones had standing to challenge the search of the nonarrested passenger's belongings. We also hold that the search of passenger Gale's purse was not justified as a search incident to Jones's arrest. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ALEXANDER, C.J., SMITH, JOHNSON, SANDERS, IRELAND, BRIDGE, CHAMBRERS, and OWENS, JJ., concur.
NOTES
[1] A plurality of this court adhered to the automatic standing rule as a matter of state constitutional law in State v. Simpson, 95 Wash.2d 170, 181, 622 P.2d 1199 (1980). The court also refused to decide whether Washington would continue to recognize the automatic standing rule in State v. Zakel, 119 Wash.2d 563, 834 P.2d 1046 (1992). Five justices indicated in their Zakel concurrence that the court was not reaching the issue of whether the doctrine was viable under the state constitution. Zakel, 119 Wash.2d at 572, 834 P.2d 1046 (Guy, J. concurring). Similarly, in State v. Goucher, this court held it would not resolve the issue of whether the automatic standing exception applies. State v. Goucher, 124 Wash.2d 778, 787, 881 P.2d 210 (1994).