**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30245 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00102-RHW-1 |
| v. | |
| WAYNE D. MCDUFFIE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted July 9, 2013
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[**]

   1. McDuffie argues that the district court erroneously denied his motion to

suppress evidence discovered after he was arrested pursuant to an invalid arrest

warrant.  He argues that the arrest warrant was invalid, because the affidavit upon

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

which the warrant was issued did not support the magistrate's finding of probable cause.

Here, the district court concluded that the affidavit supported the magistrate's finding of probable cause to arrest McDuffie for possession of a controlled substance in violation of R.C.W. § 69.50.4013. We will affirm the district court's conclusion so long as an independent review of the affidavit establishes a "substantial basis" for the magistrate's finding of probable cause. *United States v. Castillo*, 866 F.2d 1071, 1076-77 (9th Cir. 1988).

Under R.C.W. § 69.50.4013, "possession" can be established by either actual or constructive possession. *See State v. Staley*, 872 P.2d 502, 504-05 (Wash. 1994). An individual has constructive possession if he has "dominion and control over the item." *State v. Jones*, 45 P.3d 1062, 1064 (Wash. 2002). Dominion and control does not have to be exclusive and can be established by circumstantial evidence. *See State v. Weiss*, 438 P.2d 610, 612-13 (Wash. 1968).

The affidavit in this case provided the magistrate with a substantial basis for finding probable cause that McDuffie constructively possessed cocaine. The affidavit established that (1) officers went to 1219 North Ash, Apartment No. 4 to look for McDuffie; (2) McDuffie answered the door when officers knocked; (3) McDuffie requested that officers come inside so neighbors would not see the

police; (4) officers detected the smell of marijuana in the apartment; (5) McDuffie gave officers consent to search the residence; (6) during the search, officers found suspected crack cocaine on top of a television in the back bedroom next to a drug scale; and (7) a portion of the substance field tested positive for cocaine. This evidence provides a substantial basis for the magistrate's finding of probable cause that McDuffie constructively possessed the cocaine. *See Maryland v. Pringle*, 540 U.S. 366, 372 (2003).

2. McDuffie also argues that the district court erred by denying his motion to dismiss his indictment on the ground of outrageous government conduct. McDuffie's theory is that Detective Barrington engaged in outrageous conduct when he planted cocaine residue on the scale found in the apartment on Ash Street.

Whether the government's conduct is so outrageous that it violates a defendant's Fifth Amendment due process rights is reviewed de novo. *See United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003). Additionally, "[w]e view the evidence in the light most favorable to the government and we accept the district court's factual findings unless they are clearly erroneous." *Id*.

Under this standard of review, we affirm.[1] The district court specifically found that Detective Barrington did not plant cocaine on the scale. McDuffie has not shown that this factual finding was clearly erroneous. Instead, he offers only what he concedes to be circumstantial evidence to refute the district court's conclusion. However, accepting the district court's finding of fact and viewing the evidence in the light most favorable to the government, we cannot conclude that the government's conduct was outrageous.

**AFFIRMED.**

---

[1]It is not clear from McDuffie's briefing whether he argues that the district court should have dismissed the indictment for outrageous government conduct (a) because the government's conduct violated due process; or (b) pursuant to its "inherent supervisory powers," an independent source of the court's authority to dismiss an indictment for such conduct. *See United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). Below, the district court only analyzed whether the government's conduct violated due process; it did not consider whether it should exercise its supervisory powers to dismiss the indictment. Because the district court only addressed the due process issue, and McDuffie does not claim the district court erred by so confining its analysis, we will only address his due process argument.