# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 68335-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| TERESA MARIE RUSSELL, | ) | UNPUBLISHED OPINION |
| a/k/a TERESA MARIE PALMER, | ) | |
| | ) | FILED: September 16, 2013 |
| Appellant. | ) | |
| | ) | |

LAU, J. — Teresa Russell appeals her convictions for possession of cocaine and bail jumping, arguing in part that evidence recovered from a search of her friend's purse and person should have been suppressed. Because Russell does not demonstrate error in the court's conclusion that she consented to the search, and because she lacked standing to challenge the search in any event, we affirm the denial of her motion to suppress. Because Russell's challenge to her sentence and statement of additional grounds for review fail to demonstrate any basis for relief, we affirm her convictions and sentence.

## FACTS

On January 9, 2010, Whatcom County Deputy Sheriffs Mike Taddonio and Magnus Gervol spotted a car registered to Russell. Because Deputy Gervol had probable cause to arrest Russell for another incident, he followed her car, activated his lights, and signaled for her to stop. According to Gervol, Russell did not immediately pull over but instead drove slowly for a quarter mile before pulling to the shoulder. Prior to stopping, Russell made furtive movements with her arm in the passenger side of the car.

Gervol arrested Russell without incident, advised her of her rights, and placed her in the back of his patrol car. Russell consented to a search of her car, specifically asking that the officers retrieve methadone in the trunk so she would not get sick from heroin withdrawal. She denied knowing of any other drugs in the car.

The deputies asked Russell's passenger, Helen Kluck, to leave the car so they could search it with a police dog. Kluck voluntarily stayed in the area and spoke to Deputy Taddonio. When the police dog alerted on a narcotics scent in the car, Taddonio asked Kluck if there were any narcotics in the vehicle. Kluck became nervous, avoided eye contact, patted herself down, and denied any knowledge of drugs. Taddonio thought Kluck was lying and asked if he could search her purse. She responded by picking the purse up and opening it for him. Taddonio said he would prefer to search the purse himself. Kluck handed it to him, mentioned that it contained personal hygiene products, and said, "I'd rather you didn't." 1Verbatim Report of Proceedings (VRP) (July 11, 2011) at 45-46. Taddonio said, "I understand you would

rather I didn't. May I search your purse?" Kluck then said, "Yes, you may." 1VRP (July 11, 2011) at 46.

Taddonio found a glass pipe in the purse. Kluck claimed Russell gave it to her. When asked if she had narcotics, Kluck admitted she did and reached for her pants pocket. The pocket contained a bindle of cocaine. She later produced a pipe from her pants and more cocaine from her underwear. She admitted that the pipe in her purse and the cocaine in her pocket were hers but claimed that Russell gave her the other items when they were pulled over and asked her to hide them.

Russell initially denied any knowledge of any cocaine. She later admitted that she and Kluck were going to her home to use the cocaine, but she denied ever possessing it. She also denied instructing Kluck to hide anything.

The State charged Russell with possession of cocaine, bail jumping, witness intimidation, and witness tampering. Russell filed several pretrial motions, including a motion for automatic standing to challenge the search of Kluck and a motion to suppress the evidence recovered from Kluck and her purse. The court denied the motions.

A jury found Russell guilty of possessing cocaine and bail jumping but not guilty of witness intimidation and tampering. At sentencing, Russell sought an exceptional sentence that avoided incarceration. She cited her failing health, her need for drug treatment, and the role her chemical dependency played in the bail jumping offense. The State sought an exceptional sentence upward based on Russell's criminal history. The court imposed a standard range sentence. Russell appeals.

DECISION

Russell first contends the trial court erred in ruling that she lacked standing to challenge the search of Kluck's purse. The State responds that it is unnecessary to reach the standing issue because the trial court denied the motion to suppress on alternative grounds—lack of standing and consent to search. Russell acknowledges that the court "stated Kluck consented to the search." Appellant's Br. at 9. She contends, however, that this was "dicta" and that the court's ruling rested solely on her lack of standing. We agree with the State.

The trial court's conclusions of law plainly present alternative grounds for denying the motion to suppress—Russell's lack of standing and Kluck's consent to the search of her purse.[1] Although Russell assigns error to the court's conclusion regarding consent and challenges portions of the findings supporting it, the assignment of error is not supported by argument demonstrating that the conclusion of law fails without the

---

[1] The court's conclusions of law state:
1. The Defendant did not possess any of the drugs at the time Helen Kluck <u>consented to the search of her purse and person</u> at a location well away from the Defendant and her car;
2. The Defendant <u>does not have standing</u> to contest the search of Helen Kluck's person;
3. The search of Helen Kluck's purse, revealing used drug paraphernalia <u>was voluntary as a product of consent and the production of the cocaine bindle in her pocket was voluntary</u>;
4. <u>Helen Kluck's admissions of a second pipe and bindle in her clothing was spontaneous</u>, and not the product of any questioning.
(Emphasis added)

challenged portions of the findings.[2] We need not review issues that are inadequately briefed. State v. Thomas, 150 Wn.2d 821, 868–69, 83 P.3d 970 (2004).

In any event, the court did not err in concluding that Russell lacked automatic standing to challenge the search of Kluck's person. The doctrine of automatic standing "'maintains a presence in Washington'" even though it has been abandoned by the United States Supreme Court. State v. Kypreos, 115 Wn. App. 207, 211, 61 P.3d 352 (2002) (quoting State v. Jones, 146 Wn.2d 328, 331-32, 45 P.3d 1062 (2002)). To assert automatic standing, a defendant (1) must be charged with an offense that includes possession as an essential element and (2) must be in actual or constructive possession of the subject matter at the time of the search or seizure. Jones, 146 Wn.2d at 332. Only the second requirement is at issue here. We conclude it is not satisfied.

"'A defendant has actual possession when he or she has physical custody of the item and constructive possession if he or she has dominion and control over the item. Dominion and control means that the object may be reduced to actual possession immediately.'" Kypreos, 115 Wn. App. at 212-13 (quoting Jones, 146 Wn.2d at 333). Russell did not have actual possession of the contraband at the time of the search and seizure; Kluck did. Nor did she have constructive possession because Kluck was standing 30 to 100 feet away from Russell's car and Russell was handcuffed and sitting

---

[2] We note that while the court's written findings are inaccurate as to when Kluck gave her purse to the officer, the court found in its oral ruling that Kluck also told the officer he could search the purse. State v. Hinds, 85 Wn. App. 474, 486, 936 P.2d 1135 (1997) (an oral decision may supplement written findings to the extent the oral decision does not conflict with the written findings).

in a patrol car when the search of Kluck occurred. The court did not err in concluding that Russell lacked standing to challenge the search.

Russell next contends the sentencing judge categorically denied her request for an exceptional sentence and therefore abused his discretion in imposing a standard range sentence. A defendant may not appeal a standard range sentence unless the court refused to exercise its discretion or denied an exceptional sentence for impermissible reasons. State v. Grayson, 154 Wn.2d 333, 341-42, 111 P.3d 1183 (2005). A court's categorical refusal to impose an exceptional sentence under any circumstance is, in essence, a refusal to exercise discretion that can be challenged on direct appeal. State v. Garcia–Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

Russell contends the sentencing judge, who substituted for the unavailable trial judge, categorically denied her request for an exceptional sentence. In support, she points to the following statement by the court: "Quite frankly, I don't know that I'm going to be inclined to sentence outside the standard range without having heard the case." VRP (Dec. 21, 2011) at 8. This statement is not a categorical denial. Moreover, the record demonstrates that the court did in fact consider and reject a nonstandard range sentence:

> While I certainly understand your medical conditions, these medical conditions are not by themselves justification in the court's mind . . . to say we should give her some alternative like drug treatment. She's had an opportunity for drug treatment over the years for a long time. And she just continues to violate. Then when it comes time for sentencing, you might find that funny, Ms. Russell, but the court doesn't, then when it comes up for sentencing she doesn't even bother to appear and gets the bail jumping.

VRP (Dec. 21, 2011) at 9. Russell fails to demonstrate any basis to review her standard range sentence.

Russell's contention that the sentencing judge lacked authority to sign written findings and conclusions for the suppression hearing is moot because the trial judge subsequently signed and entered them.

Russell raises several additional arguments in a pro se statement of additional grounds for review. Grounds 1, 7, and 8 fail to state a basis for relief. Grounds 2 through 6 involve matters outside the record. See State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). And ground 4 raises matters beyond the scope of our review. State v. Carver, 113 Wn.2d 591, 604, 789 P.2d 306 (1990) (credibility of witnesses and persuasiveness of evidence are matters for the trier of fact).

Affirmed.

WE CONCUR: