IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33887-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CORY WAYNE ROBERTS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Cory Roberts appeals his convictions for possession of a controlled

substance (methamphetamine) and use of drug paraphernalia. We affirm.

## FACTS

Mr. Roberts was a passenger in a vehicle stopped for speeding. After the driver

indicated he did not have a license, Mr. Roberts voluntarily handed over his license, even

though it was expired. When asked if he owned the vehicle, Mr. Roberts said he had

received it from a friend. Mr. Roberts did not have any documentation to support his

claim.

The officer returned to his patrol vehicle and ran a records check. Dispatch confirmed the driver did not have a valid operator's license and Mr. Roberts had a suspended license. Concerned the vehicle might be stolen, the officer also requested dispatch contact the vehicle's registered owner, a Ms. Fincher.

The officer then returned to the vehicle to find Mr. Roberts speaking on his cell phone to a woman he claimed was Ms. Fincher. The officer spoke with the woman on the phone, who told him Mr. Roberts had the right to be in the vehicle. The woman was unable to provide a registration, title, or bill of sale. The officer cited the driver and informed the men neither could drive the vehicle as they did not have valid licenses and would need to call somebody to get them.

At this point, the officer asked the driver for permission to search the vehicle. The driver consented to the search after reading and signing *Ferrier*[1] warnings that advised he had the right to refuse and/or limit his consent to search the vehicle. Mr. Roberts, who was present, did not object to the search.[2]

---

[1] *State v. Ferrier*, 136 Wn.2d 103, 960 P.2d 927 (1998).

[2] While the record is clear Mr. Roberts did not object to the search, it is unclear if he actually consented to the search himself. In the CrR 3.6 hearing, the officer stated he did not ask Mr. Roberts for consent. However, at trial, the officer testified Mr. Roberts "stated he was okay with me searching the vehicle." Report of Proceedings (Sept. 21, 2015) at 81.

The officer directed both the driver and Mr. Roberts out of the vehicle. After patting the men down for weapons and finding none, the officer searched the vehicle. On the floor behind the driver's seat, the officer found a jacket with a glass pipe containing a white residue in one of the pockets. The officer asked the men who owned the jacket. Mr. Roberts stated it was his. At this point, the officer read Mr. Roberts his *Miranda*[3] rights. Waiving those rights, Mr. Roberts said he found the pipe while cutting wood and put it in his pocket to throw away at a later time. The residue in the pipe later tested positive for methamphetamine.

The State charged Mr. Roberts with possession of methamphetamine and use of drug paraphernalia. Prior to trial, Mr. Roberts moved to suppress evidence of the glass pipe, arguing it was obtained as a result of an illegal search and seizure. The trial court denied the motion, concluding Mr. Roberts did not have standing to challenge the search. Mr. Roberts also moved to suppress his statement that he owned the jacket, arguing it was obtained in violation of *Miranda*. The trial court found that while the officer's question constituted interrogation, it was not custodial interrogation as Mr. Roberts' freedom of movement was not sufficiently restrained.

---

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

Mr. Roberts was convicted as charged. Pursuant to *Blazina*,[4] the trial court waived

all legal financial obligations (LFOs) except the $500 victim assessment and $100

deoxyribonucleic acid (DNA) collection fee. Mr. Roberts appeals.

## ANALYSIS

### Standing

While Mr. Roberts did not own the vehicle that was searched, he did claim legal

permission to use it and he owned the jacket found inside. At the time of the search, Mr.

Roberts had not abandoned or disclaimed his jacket. Instead, he remained in constructive

possession. Because Mr. Roberts was charged with a possessory offense, Washington's

automatic standing rule applies to him and permits him to challenge the search. *State v.*

*Jones*, 146 Wn.2d 328, 332, 45 P.3d 1062 (2002); *State v. Simpson*, 95 Wn.2d 170, 181,

622 P.2d 1199 (1980).

### Consent search

Mr. Roberts next argues his illegal detention vitiated the subsequent consent to

search the vehicle. We disagree. Prior to asking for consent to search, the officer advised

the driver and Mr. Roberts they would need to call for a ride since neither was eligible to

drive. This was tantamount to telling the men they were free to leave. Under these

---

[4] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

circumstances, the men were no longer detained, let alone illegally detained.[5]

*Suppression of statements*

Mr. Roberts next contends the trial court erred in admitting his statement regarding ownership of the jacket because it was not preceded by a *Miranda* warning. He argues the initial admission was a product of custodial interrogation.

*Miranda* warnings are only necessary when a defendant is in custody that is tantamount to an arrest. *State v. Heritage*, 152 Wn.2d 210, 217-19, 95 P.3d 345 (2004). A frisk does not transform a traffic stop into a formal arrest. *State v. Wilkinson*, 56 Wn. App. 812, 819, 785 P.2d 1139 (1990). The totality of the circumstances indicates Mr. Roberts was not in custody at the time the officer asked about ownership of the jacket. Nor was there probable cause to take Mr. Roberts into custody, since the owner of the jacket was not yet known. Mr. Roberts's statements were not inadmissible due to the lack of *Miranda* warnings.

---

[5] The defense proffers the officer retained Mr. Roberts's driver's license during the entire encounter. Appellant's Opening Br. at 2. The State counters the license was returned at the time the officer issued the driver a citation. Resp't's Opening Br. at 13. The record is actually silent on this point. Given Mr. Roberts voluntarily handed over the license and the license was suspended, the significance of retaining the license is unclear. Regardless, substantial evidence supports the trial court's finding that Mr. Roberts was free to leave.

No. 33887-8-III
*State v. Roberts*

*Indigence report*

On July 26, 2016, Mr. Roberts submitted a report as to continued indigence and a motion to enlarge time to file the same. The motion to enlarge time is granted and the report is accepted for filing as of the date of its submission.

*Appellate costs*

In his opening brief, Mr. Roberts asks this court to exercise its discretion to not award costs, even in the event the State substantially prevails on appeal. The State opposes the request. A majority of the panel grants the request to deny costs.

## STATEMENT OF ADDITIONAL GROUNDS

*Fair trial*

Mr. Roberts raises various concerns regarding whether he received a fair trial. Nothing in the record substantiates his claims. Accordingly, his concerns will not be considered on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).

*Sufficiency of evidence*

Mr. Roberts appears to challenge the sufficiency of the evidence. To prove unlawful possession of a controlled substance, the State must prove only "the nature of the substance and the fact of possession." *State v. Bradshaw*, 152 Wn.2d 528, 538, 98

6

P.3d 1190 (2004); RCW 69.50.4013. Both elements were readily met. The State was not required to prove a certain quantity of controlled substances or to engage in repeated testing.

*Chain of custody*

Finally, Mr. Roberts expresses concern that the glass pipe admitted at trial looked different from the one seized from his jacket. He appears to be making a chain of custody argument, contending the State did not properly identify the pipe. The evidence does not support Mr. Roberts's concerns. There was no error in admitting the pipe.

## CONCLUSION

The judgment and sentence of the trial court is affirmed. Appellate costs will not be awarded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Korsmo, J.

Siddoway, J.