# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50813-3-II |
| Respondent, | |
| v. | |
| DAVID MARC LOISELLE, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — David Marc Loiselle appeals his conviction of possession of heroin. He contends that the State presented insufficient evidence that he had constructive possession of the drugs found in his bathroom. We affirm.

## FACTS

I.      INCIDENT

In March 2017, Department of Corrections (DOC) officers went to Stephanie Suttles's residence, intending to arrest her. Suttles lived with her parents, David and Tammy Loiselle.[1] Tammy answered the door and the officers said they had a warrant to arrest Suttles. Tammy gave them permission to search the residence. Loiselle was outside the residence and the officers did not see him.

---

[1] To prevent confusion, we refer to Tammy by her first name. We intend no disrespect.

While searching the residence for Suttles, the officers found drugs and drug paraphernalia, including several hypodermic needles with heroin inside them and several small containers that contained heroin residue. They then contacted Landon Jones, a Cowlitz County Deputy, to assist in the drug investigation. Jones observed and took pictures of syringes, bottle caps, cotton swabs, and "stuff commonly used to inject heroin." Report of Proceedings (RP) (June 2, 2017) at 81. At some point, the DOC officers found Suttles hiding inside an air vent and placed her under arrest.

The officers found the drugs in the master bathroom attached to the Loiselles' master bedroom. Suttles lived in a separate portion of the house. Suttles sometimes used the master bathroom where the drugs were found, but it was Tammy and Loiselle's bathroom. Mixed in with the drugs and drug paraphernalia was some paperwork with Suttles's name on it, a Bible with Suttles's name in it, and various bathroom products that Jones believed likely belonged to all three residents.

Jones and the DOC officers gathered Tammy, Suttles, and several visitors who were in the residence into a room of the house to question them about the heroin. Tammy told Jones that the drugs must be Loiselle's because they were not hers. While Jones questioned Tammy about the heroin, he heard a male voice from a nearby room call out that "'[a]nything you saw in there is mine.'" RP at (June 2, 2017) at 87-88. Jones discovered it was Loiselle who had shouted and questioned him further about the drugs. Loiselle repeated that the drugs were his, and added that his drug of choice was heroin. He further stated that he had used heroin that morning.

Tammy testified that, when she saw police coming, she gathered drugs from Suttles' part of the house and hid them in her master bathroom, thinking the police would not search there. When she saw the officers searching her bedroom and saw Loiselle enter the house, she told him,

"'Oh my God I'm going to jail. Don't let me go to jail.'" RP (June 2, 2017) at 122. Loiselle then told police the drugs were his to protect her. Tammy said Loiselle does not do drugs.

Loiselle testified that he assumed police were at the residence on a drug issue due to Suttles's history of drug problems. When he heard Tammy say, "'Don't let me go to jail,'" he told the officers the drugs were his, although he did not know there were any drugs in the house. RP (June 2, 2017) at 138. Loiselle denied telling Jones that heroin was his drug of choice or that he had used that morning. He said the drugs were not his, he lied to cover for his wife, and he has never used heroin.

II.    CHARGES

The State charged Loiselle with one count of violating the Uniform Controlled Substances Act by possessing heroin. Clerk's Papers (CP) at 4. After a trial, the jury found him guilty. Loiselle appeals.

ANALYSIS

Loiselle contends that the State failed to prove that he had constructive possession of the drugs. We disagree.

To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational fact finder could have found the elements of the crime beyond a reasonable doubt. *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009). In claiming insufficient evidence, "the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it." *State v. Drum*, 168 Wn.2d 23, 35, 225 P.3d 237 (2010). Any inferences "'must be drawn in favor of the State and interpreted most strongly against the defendant.'" *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

RCW 69.50.4013 makes it unlawful for any person to possess a controlled substance without a valid prescription. The jury instructions in this case required that the jury find: "(1) That on or about March 8, 2017, the defendant possessed a controlled substance, and (2) That this act occurred in the State of Washington." CP at 19. In this case, Loiselle challenges the sufficiency of the State's evidence that he "possessed" heroin.

"Possession" of an item may be "actual or constructive to support a criminal charge." *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). Actual possession is where the defendant "has physical custody of the item," whereas constructive possession is where the defendant "has dominion and control over the item" such that it "may be reduced to actual possession immediately." *Jones*, 146 Wn.2d at 333. Whether the person has control depends on the totality of the circumstances presented. *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014).

"[M]ere proximity to a controlled substance is not sufficient to establish constructive possession." *State v. Shumaker*, 142 Wn. App. 330, 333, 174 P.3d 1214 (2007). However, dominion and control over the premises where a drug is found may imply that the person has dominion and control over items on the premises. *State v. Reichert*, 158 Wn. App. 374, 390, 242 P.3d 44 (2010). The defendant need not have exclusive control to establish constructive possession. *State v. Cote*, 123 Wn. App. 546, 549, 96 P.3d 410 (2004).

In this case, officers found the drugs in the master bathroom attached to Loiselle's master bedroom. Loiselle and Tammy both told Jones that the drugs belonged to Loiselle. Loiselle also told Jones that heroin was his drug of choice and he had used it that morning. Although Loiselle testified that he had been lying to protect Tammy, credibility determinations are for the trier of fact. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990). Taking the evidence in the light

4

most favorable to the State, a reasonable fact finder could have found that Loiselle had constructive possession of the drugs beyond a reasonable doubt. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Maxa, C.J.

Lee, J.