# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51180-1-II |
| | (Consolidated with 51560-1-II) |
| Respondent, | |
| v. | |
| ANTHONY DEWAYNE PARKER, | UNPUBLISHED OPINION |
| Appellant/Petitioner. | |

SUTTON, J. — Anthony Dewayne Parker timely appeals the trial court's reference hearing order denying his motion to suppress and dismissing his remaining personal restraint petition (PRP) claim of illegal search and seizure. Parker filed another PRP in March 2018 which this court consolidated with his direct appeal.

In his direct appeal and PRP, Parker argues that the trial court erred when it concluded at the reference hearing below that he lacked standing to challenge the seizure of J.H.'s cell phones and when it failed to suppress his text messages on the cell phones and other evidence. He also argues that if his text messages and other tainted evidence had been properly suppressed, the outcome of the trial would have changed. He further argues that the search warrants for the cell phones lacked specificity or particularity. He asks this court to reverse and remand to the trial court to suppress the text messages and dismiss his convictions.

We hold that the trial court did not err when it concluded at the reference hearing that Parker did not have standing to challenge the seizure of the cell phones. Because he lacks standing, all of his direct appeal and PRP claims fail. We affirm and dismiss the March 2018 PRP.

FACTS

I. PROCEDURAL FACTS

A jury found Parker guilty of multiple felonies with special allegations of deliberate cruelty and domestic violence involving the victim, J.H., who worked for him as a prostitute. He was convicted of first degree human trafficking, first degree promoting prostitution, four counts of second degree assault, first degree burglary, first degree kidnapping, fourth degree assault, first degree unlawful possession of a firearm, and witness tampering. Parker appealed his judgment and sentence and filed a PRP that was consolidated with the direct appeal. We affirmed his judgment and sentence and dismissed all of his PRP claims except the one related to an illegal search and seizure of J.H.'s cell phones. *State v. Parker*, 190 Wn. App. 1037, 2015 WL 6126551 (2015) (*Parker I*).

As to the remaining PRP claim, Parker argued below that the State illegally searched and seized J.H.'s cell phones.[1] *Parker I,* 190 Wn. App. at *11, n.75. We remanded the case for a reference hearing in light of *State v. Hinton*.[2] *Parker I*, 190 Wn. App. at *11-12.

Parker moved to suppress the text messages between him and the victim and other evidence which were on her cell phones. He argued that "[o]ther than the testimony of J.H. at trial,

---

[1] The first cell phone owned by J.H. was seized on April 4, 2013. The second cell phone owned by J.H. was seized on April 12, 2013.

[2] 179 Wn.2d 862, 319 P.3d 9 (2014).

buttressed by the emails from [another witness], there was no evidence of Parker's charges for human trafficking and prostitution." Clerk's Papers (CP) at 245.

On January 30, 2017, the trial court held a reference hearing and entered findings of fact.[3] The trial court found that Parker asserted a privacy interest in the text messages recovered from J.H.'s cell phones. The police obtained J.H.'s two cell phones, verified her phone number, and then obtained search warrants for her phones, but did not search the phones before they obtained the warrants. The trial court found that the text messages on J.H.'s cell phones were admitted at trial and that no other evidence was obtained from the cell phones. The trial court further found that the testimony and exhibits admitted at trial supported Parker's convictions.

On March 31, 2017, after reviewing the trial court's findings of fact, we remanded to the trial court to decide the following issue on the merits in the reference hearing:

> [T]he superior court shall make its determination on the merits of Parker's claim that there was an illegal search and seizure of the cell phone of another that underlies his claim for relief. Pursuant to RAP 16.12 and the other Rules of Appellate Procedure, the court shall make its findings and conclusions with respect to that claim. In sum, the superior court shall make a full determination on the merits of this claim based on this revised instruction.

CP at 441.

The trial court then entered the following conclusions of law:

> *Hinton* makes clear that a defendant has a privacy interest in the text messages sent to another person's phone, but its analysis does not extend to the privacy interest in the phone itself. To challenge seizure of either phone, Parker must establish that he has standing to challenge the seizure. Under *State v. Jones*, 146 Wn.2d 328, 332, 45 P.3d 1062 (2002), to claim automatic standing, a defendant (1) must be charged with an offense that involves possession as an essential element; and (2) must be in possession of the subject matter at the time of the search

---

[3] Parker does not challenge any of these findings on appeal. Thus, they are verities on appeal. *State v. Rankin*, 151 Wn.2d 689, 709, 92 P.3d 202 (2004).

or seizure. Because Parker meets neither of these requirements, he lacks standing to challenge the seizure of [J.H.]'s phones.

Because Parker lacks standing to challenge the seizure of either [of the cell phones], Parker may only challenge the search of the phones. The challenge to the search of the phones, which resulted in the discovery of his texts, fails as a warrant based upon probable cause was properly obtained for the . . . phones on April 8, 2013[,] and April 23, 2013[,] respectively, before the search of the phones was conducted. Parker's contention that the warrant application for the ZTE [cell phone] was insufficient is without merit, as the affidavit submitted by the detective was not based on generalizations, it provided extensive factual information, was specific as to the information being sought, and explicitly tied the criminal activity to the phone sought to be searched. Because the police did not search either of the phones prior to properly obtaining a warrant, Parker's privacy rights under *Hinton* were not violated by the search of the [cell phones], and any other evidence obtained by the search of the ZTE phone is not suppressed as fruit of the poisonous tree.

CP at 442-43.

The trial court denied Parker relief and ordered the following:

[T]he evidence obtained pursuant to search within [J.H.]'s cell phones is not suppressed based upon Parker's claim that his privacy rights were violated by the illegal search and seizure of another's cell phone. Further, to the extent that this Court is called upon to determine Parker's PRP based upon his claim of illegal search and seizure, the PRP is hereby **DENIED**.

CP at 443.

## II. APPEAL AND PRP

Parker timely appeals the trial court's reference hearing order denying his motion to suppress and dismissing his remaining PRP claim of illegal search and seizure. Parker filed another PRP in March 2018 which this court consolidated with his direct appeal.

4

## ANALYSIS

### I. LEGAL PRINCIPLES

We review constitutional issues de novo. *State v. Gresham*, 173 Wn.2d 405, 419, 269 P.3d 207 (2012). When a trial court denies a motion to suppress, we review the court's conclusions of law de novo. *State v. Winterstein*, 167 Wn.2d 620, 628, 220 P.3d 1226 (2009). Whether Parker has a privacy interest in the text messages he sent to and which were retained on J.H.'s cell phones is a mixed question of law and fact because it requires this court to apply legal principles to a particularized set of factual circumstances. *See In re Det. of Anderson*, 166 Wn.2d 543, 555, 211 P.3d 994 (2009). "Analytically, resolving a mixed question of law and fact requires establishing the relevant facts, determining the applicable law, and then applying that law to the facts." *Tapper v. Emp't Sec. Dep't*, 122 Wn.2d 397, 403, 858 P.2d 494 (1993). For mixed questions of law and fact, unchallenged factual findings are verities on appeal and we review the application of those facts to the law de novo. *In re Det. of Anderson*, 166 Wn.2d at 555.

A PRP is not a substitute for direct appeal and the availability of collateral relief is limited. *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 328-29, 823 P.2d 492 (1992). To be entitled to relief, Parker must show either a constitutional violation that resulted in actual and substantial prejudice or a nonconstitutional error that constituted a fundamental defect that inherently resulted in a complete miscarriage of justice. *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 539, 397 P.3d 90 (2017). "Actual and substantial prejudice, which 'must be determined in light of the totality of circumstances,' exists if the error 'so infected petitioner's entire trial that the resulting conviction violates due process.'" *In re Pers. Restraint of Crow*, 187 Wn. App. 414, 421, 349 P.3d 902 (2015) (quoting *In re Pers. Restraint of Music*, 104 Wn.2d 189, 191, 704 P.2d 144 (1985)).

We have three options when reviewing a PRP: "(1) dismiss the petition, (2) transfer the petition to a superior court for a full determination on the merits or a reference hearing, or (3) grant the petition." *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). A reference hearing is appropriate where the merits of the petitioner's contentions cannot be determined solely on the record because there are disputed material issues of fact. RAP 16.11(b); *In re Pers. Restraint of Reise*, 146 Wn. App. 772, 780, 192 P.3d 949 (2008).

## II. STANDING

As to his direct appeal and PRP claims, Parker argues that the trial court erred by concluding that he lacked standing to challenge the seizure of J.H.'s cell phones. Parker claims that the physical seizures of the two cell phones constituted a "meaningful interference in [his] possessory interest in the text messages" on the phones. Br. of Appellant at 9. The State argues that because Parker lacked any privacy interest in J.H.'s phones themselves, he lacks standing to challenge the seizure of her phones, and the trial court did not err. We agree with the State that Parker lacks standing and thus, all of his claims fail.

Washington's Constitution states that "[n]o person shall be disturbed in his private affairs . . . without authority of law." CONST. art. I, § 7. Article I, section 7 encompasses the privacy expectations protected by the Fourth Amendment to the United States Constitution and, in some cases, may provide greater protection than the Fourth Amendment because its protections are not confined to the subjective privacy expectations of citizens. *State v. Myrick*, 102 Wn.2d 506, 510-11, 688 P.2d 151 (1984). Under article I, section 7, in its protection of "private affairs," "a search occurs when the government disturbs 'those privacy interests which citizens of this state *have held,*

*and should be entitled to hold*, safe from governmental trespass absent a warrant.'" *Hinton*, 179 Wn.2d at 868 (quoting *Myrick*, 102 Wn.2d at 511).

"The 'authority of law' required by article I, section 7 is a valid warrant unless the State shows that a search or seizure falls within one of the jealously guarded and carefully drawn exceptions to the warrant requirement." *Hinton*, 179 Wn.2d at 868-89. Rights protected by the Fourth Amendment and article I, section 7 are personal rights that may be enforced by exclusion of evidence "'only at the instance of one whose own protection was infringed by the search and seizure.'" *Rakas v. Illinois*, 439 U.S. 128, 138, 99 S. Ct. 421, 58 L. Ed. 2d 387 (1978) (quoting *Simmons v. United States,* 390 U.S. 377, 389, 88 S. Ct. 967, 19 L. Ed. 2d 1247 (1968)); *State v. Jones,* 146 Wn.2d 328, 332, 45 P.3d 1062 (2002).

"A person may rely on the automatic standing doctrine only if the challenged police action produced the evidence sought to be used against him." *Jones,* 146 Wn.2d at 332. "To assert automatic standing a defendant (1) must be charged with an offense that involves possession as an essential element; and (2) must be in possession of the subject matter at the time of the search or seizure." *Jones*, 146 Wn.2d at 332.

Under *Jones*, Parker cannot meet the elements for automatic standing to challenge the seizure of J.H.'s phones as he was not in possession of her phones at the time they were seized or searched. *Jones*, 164 Wn.2d at 332. Because Parker cannot meet the elements for standing, his

No. 51180-1-II

claim of standing fails. Accordingly, we decline to consider Parker's additional claims. We hold that the trial court did not err by denying his motion to suppress and dismissing his remaining PRP claim of illegal search and seizure. We affirm and dismiss his March 2018 PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MELNICK, P.J.

CRUSER, J.