# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  57293-1-II |
| Respondent, | |
| v. | |
| JAMIE LYNN CHRISTENSEN, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Jamie Lynn Christensen appeals his conviction for second degree unlawful possession of a firearm.  Christensen contends the State failed to provide sufficient evidence to support his conviction, specifically that the State failed to prove he knowingly possessed the firearm.  We disagree and affirm Christensen's conviction.

## FACTS

In November 2021, Puyallup Police Detective John Hahn pulled over a truck with expired tabs.  Christensen was the driver and the sole occupant in the car.  When Detective Hahn approached the car, he saw Christensen reach for a center console where the radio would usually be and Detective Hahn saw the holster of a firearm in the console.  He ordered Christensen to step out of the car, and his partner impounded the truck.  Christensen was not the registered owner of the truck.  After securing a search warrant, Detective Hahn and his partner located a firearm in the center console of the truck.

The State charged Christensen with second degree unlawful possession of a firearm, failure to have an ignition interlock on the truck, and possession of another's identification.[1] The case proceeded to a jury trial.

Detective Hahn testified at trial. He testified he pulled over a truck in November 2021 and approached the truck on the driver's side. As Detective Hahn approached the truck with his flashlight, he saw Christensen "reach[] towards" a center dashboard "where a radio would be." Verbatim Rep. of Proc. (VRP) (July 25, 2022) at 119. Detective Hahn then saw a holster in the center dashboard. He testified the truck itself was small, and therefore, had Christensen "lean[ed] forward and moved a foot," he would have been "able to reach" the firearm in the center console. VRP (July 25, 2022) at 132. He believed the firearm was "probably 18 inches at most" from Christensen. VRP (July 25, 2022) at 132.

Detective Hahn testified that when his partner approached the truck from the passenger side, his partner could see the firearm in the center console and verified that when he went to the passenger side he also "could see a portion of the gun showing." VRP (July 25, 2022) at 127.

Once he received the search warrant, Detective Hahn and his partner searched the truck and found a firearm in the console. He testified he was able to easily locate the firearm because "[f]rom the passenger side, I could see [the firearm] in plain view." VRP (July 25, 2022) at 132. Detective Hahn described the inside of the truck as "pretty disheveled" and looked like it was being lived in. VRP (July 25, 2022) at 127. Detective Hahn also noted that the steering wheel

---

[1] Prior to trial, the trial court dismissed the ignition interlock and possession of another's identification charges.

column was "mangled," and it appeared a knife was used to start the truck. VRP (July 25, 2022) at 127. The center dashboard where the holster was had several exposed wires and was torn up.

Detective Hahn found Christensen's wallet on the floor between the driver's seat and the door. The wallet contained credit cards, an inmate card, and a social security card all in Christensen's name. He also found a package with Christensen's name in between the two front seats.

The jury found Christensen guilty of second degree unlawful possession of a firearm. The trial court imposed a special drug offender sentencing alternative (DOSA) sentence with 12.75 months' confinement.

Christensen appeals his conviction.

ANALYSIS

Christensen argues the State failed to present sufficient evidence to prove he knowingly possessed the firearm.[2] We disagree.

Evidence is sufficient to support a guilty verdict if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could find that all of the elements of the crime charged were proven beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). When a defendant challenges the sufficiency of the evidence, he admits the truth of the State's evidence, and all reasonable inferences drawn from that evidence are to be

---

[2] Prior to sentencing, Christensen moved to arrest judgment arguing that there was insufficient evidence to support the jury's verdict. The trial court denied the motion. Christensen assigns error to the trial court's denial of his motion to arrest judgment. Because the motion to arrest judgment is also a challenge to the sufficiency of the evidence, we do not address this assignment of error separately.

construed in favor of the State. *Id.* at 265-66. In a sufficiency of the evidence determination, both circumstantial and direct evidence are equally reliable. *Id.* at 266.

To convict Christensen of second degree unlawful possession of a firearm, the State had to prove beyond a reasonable doubt that he knowingly possessed a firearm and that he had previously been convicted of a felony in Washington.[3] RCW 9.41.040(2)(a)(i); *State v. Anderson*, 141 Wn.2d 357, 359, 366-67, 5 P.3d 1247 (2000).

Possession may be actual or constructive. *State v. Chouinard*, 169 Wn. App. 895, 899, 282 P.3d 117 (2012), *review denied*, 176 Wn.2d 1003 (2013). Actual possession requires physical custody of the item. *State v. Reichert*, 158 Wn. App. 374, 390, 242 P.3d 44 (2010), *review denied*, 171 Wn.2d 1006 (2011). Constructive possession occurs when a person has dominion and control over an item. *Id.* at 390. Whether sufficient evidence establishes that a defendant had dominion and control over an item depends on the totality of the circumstances. *State v. Lakotiy*, 151 Wn. App. 699, 714, 214 P.3d 181 (2009), *review denied*, 168 Wn.2d 1026 (2010). An ability to take actual possession of the item establishes dominion and control, but "mere proximity" to the item "is not enough to establish possession." *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002).

---

[3] Christensen stipulated that he had previously been convicted of a felony at trial, and both the State and Christensen agreed that element of the charge had been met.

Christensen argues the State only showed he had mere proximity to the firearm because Christensen was not the registered owner of the car and there were unrelated personal items found in the car. He further argues the State failed to show he knew there was a firearm because there were no statements from Christensen acknowledging the firearm nor any evidence linking Christensen to the gun.

This is unpersuasive. Detective Hahn testified he saw the holster as he approached the truck from the driver's side and could see the firearm in "plain view" from the passenger side. VRP (July 25, 2022) at 132. He further testified he could tell it was a gun from outside the truck, and Christensen was about 18 inches from the firearm while seated in the truck, and had he leaned forward, could have reached the firearm. Detective Hahn further testified he saw Christensen reach for the center console. Therefore, it is possible that Christensen had the ability to take actual possession of the firearm.

The totality of the circumstances—Christensen reaching for the center console, the firearm being in plain view in the center console, Christensen's other belongings in the car, and the fact he was the sole occupant in the car—when viewed in the light most favorable to the State, shows Christensen had dominion and control over the firearm and knew the firearm was in the truck. Therefore, the State provided sufficient evidence to convict Christensen, and his claim fails.

We affirm Christensen's conviction.

No. 57293-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, J.

CRUSER, A.C.J.