# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51255-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| IVON STEPHEN CRANSHAW, | |
| Appellant. | |

MAXA, C.J. – Ivon Cranshaw appeals his conviction of possession of a controlled substance, which arose when law enforcement found methamphetamine in the center console of a vehicle that Cranshaw was driving but did not own. We hold that (1) the State presented sufficient evidence to prove that Cranshaw constructively possessed the methamphetamine, and (2) the trial court on remand must determine whether the criminal filing fee and DNA collection fee must be stricken under the 2018 amendments to the legal financial obligation (LFO) statutes.

Accordingly, we affirm Cranshaw's conviction of possession of a controlled substance, but remand for the trial court to determine whether the criminal filing fee and DNA collection fee must be stricken from the judgment and sentence.

## FACTS

In May 2017, Cranshaw called Traditia Wood to ask for a ride because he needed to file some paperwork. Wood arrived in a car. Cranshaw got into the driver's seat of the car and began driving with Wood in the passenger seat to run his errands. Cranshaw had his paperwork on the backseat of the car.

Longview Police conducted a traffic stop of the car to arrest Wood, who was a suspect in another case. Wood was placed under arrest. Cranshaw also was arrested for driving with a suspended license. Detective Trevor Eades transported Cranshaw to jail.

Officers obtained a search warrant for the car Cranshaw was driving. During the subsequent search of the vehicle, officers found methamphetamine hidden in a cigarette pack in the center console between the driver and passenger seats. They also found documents showing that the vehicle was rented, but neither Cranshaw's nor Wood's names were on the rental agreement. And officers found paperwork with Cranshaw's name on it. The State charged Cranshaw with possession of a controlled substance.

At trial, Eades testified that during the ride to the jail, Cranshaw asked what was happening with the car and "mentioned something about possibly having drugs in the vehicle." Report of Proceedings at 203-04. Cranshaw testified in his own defense that he had not known about the methamphetamine and that he had only asked Eades about the search of the car because he was concerned about recovering the paperwork he needed to file.

The jury found Cranshaw guilty of possession of a controlled substance. The trial court found that Cranshaw was indigent but ordered him to pay mandatory LFOs, including a criminal filing fee and a DNA collection fee.

Cranshaw appeals his conviction and the trial court's imposition of the criminal filing fee and the DNA collection fee.

ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

Cranshaw argues that the State did not present sufficient evidence to prove that he possessed the methamphetamine found in the car. We disagree.

1. Standard of Review

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). In a sufficiency of the evidence claim, the defendant admits the truth of the evidence and the court views the evidence and all reasonable inferences drawn from that evidence in the light most favorable to the State. *Id.* at 265-66. Credibility determinations are made by the trier of fact and are not subject to review. *Id.* at 266. Circumstantial and direct evidence are equally reliable. *Id.*

2. Constructive Possession

A person can have actual possession or constructive possession of an item. *State v. Reichert*, 158 Wn. App. 374, 390, 242 P.3d 44 (2010). Actual possession requires physical custody of the item. *Id.* Constructive possession occurs when a person has "dominion and control" over an item. *Id.* A person can have possession without exclusive control; more than one person can be in possession of the same item. *State v. George*, 146 Wn. App. 906, 920, 193 P.3d 693 (2008).

To determine whether sufficient evidence proves that a defendant had dominion and control over an item, we examine the totality of the circumstances. *State v. Lakotiy*, 151 Wn. App. 699, 714, 214 P.3d 181 (2009). Aspects of dominion and control include whether the defendant could immediately convert the item to his or her actual possession, *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002); the defendant's physical proximity to the item, *State v. Chouinard*, 169 Wn. App. 895, 900, 282 P.3d 117 (2012); and whether the defendant had dominion and control over the premises where the item was located. *State v. Shumaker*, 142 Wn.

App. 330, 334, 174 P.3d 1214 (2007); *see generally Washington Practice: Washington Pattern Jury Instructions: Criminal* 50.03 (4th ed. 2016).

However, the defendant's proximity to an item alone is not enough to establish constructive possession. *Jones*, 146 Wn.2d at 333. Similarly, the defendant's knowledge of the item's presence on a premises alone is insufficient to show constructive possession. *Chouinard*, 169 Wn. App. at 899. And even proximity plus knowledge of an item's presence may not be sufficient to establish dominion and control over the item. *See George*, 146 Wn. App. at 923.[1]

3. Totality of Circumstances Analysis

We must conduct a totality of the circumstances analysis to determine whether sufficient evidence exists that Cranshaw had constructive possession of the methamphetamine found in the vehicle.

Here, the State presented evidence of three factors that are relevant to determining whether Cranshaw had constructive possession of the methamphetamine. First, Cranshaw was in close proximity to the methamphetamine; it was in the center console right next to him. Second, there was evidence that Cranshaw knew that there were drugs in the vehicle based on his statement to Eades. Third, Cranshaw was driving the vehicle in which the methamphetamine was found. These factors show that Cranshaw could have immediately converted the methamphetamine to his actual possession.

---

[1] A person's dominion and control over a premises "creates a rebuttable presumption that the person has dominion and control over items on the premises." *Reichert*, 158 Wn. App. at 390. Courts have found sufficient evidence that a defendant had dominion and control over a vehicle when the defendant was driving a vehicle that he or she owns. *State v. Bowen*, 157 Wn. App. 821, 828, 239 P.3d 1114 (2010); *State v. Turner*, 103 Wn. App. 515, 523-24, 13 P.3d 234 (2000). But Cranshaw was not the owner of the vehicle he was driving. We do not address whether a presumption of dominion and control exists when the defendant is driving a vehicle he or she does not own.

Each of these circumstances *standing alone* may not be sufficient to establish that Cranshaw had constructive possession of the methamphetamine. The issue is whether the *combination* of these circumstances is sufficient.

In both *Chouinard* and *George*, the courts held that knowledge of and proximity to an item were not enough to prove constructive possession by a defendant who did not have dominion and control over the vehicle. *Chouinard*, 169 Wn. App. at 902-03; *George*, 146 Wn. App. at 923. But in both cases the defendant was a mere passenger in the vehicle, not the driver, and the courts distinguished cases in which the defendant was the driver. *Chouinard*, 169 Wn. App. at 900-03; *George*, 146 Wn. App. at 920-23. *Chouinard* and *George* do not control here because Cranshaw was the driver.

In *State v. Echeverria*, the court found sufficient evidence that the defendant had constructive possession of a firearm when he was driving another person's car and the firearm was at the defendant's feet. 85 Wn. App. 777, 783, 934 P.2d 1214 (1997). The court noted the rule that constructive possession can be established by showing dominion and control over the premises where the firearm was found, but did not expressly rely on the defendant's driving the vehicle. *Id.* The court also referenced the ability to reduce an object to actual possession as an aspect of dominion and control. *Id.* The court concluded that a rational trier of fact could find constructive possession based on the fact that the firearm was in plain sight at the defendant's feet and the inference that he knew it was there. *Id.*

The facts here are similar to those in *Echeverria*. Cranshaw was driving the vehicle where the methamphetamine was found, it was right next to him and there was evidence that he knew it was there, and it easily could be reduced to his immediate possession.

We hold that, based on the totality of the circumstances, the evidence was sufficient to prove that Cranshaw had constructive possession of the methamphetamine. Therefore, we reject Cranshaw's sufficiency of the evidence challenge to his conviction.

B.    CRIMINAL FILING FEE AND DNA COLLECTION FEE

Cranshaw argues that the criminal filing fee and the DNA collection fee that the trial court imposed as mandatory LFOs must be stricken. The State takes no position on this issue and defers to this court's judgment. We conclude that the trial court must make this determination.

In 2018, the legislature amended (1) RCW 36.18.020(2)(h), which now prohibits imposition of the criminal filing fee on a defendant who is indigent as defined in RCW 10.101.010(3)(a)-(c); and (2) RCW 43.43.7541, which now states that the DNA collection fee no longer is mandatory if the offender's DNA previously had been collected because of a prior conviction. The Supreme Court in *State v. Ramirez* held that these amendments apply prospectively to cases pending on direct appeal. 191 Wn.2d 732, 749-50, 426 P.3d 714 (2018).

Here, the trial court found that Cranshaw was indigent at the time of sentencing. Therefore, under the current version of RCW 43.43.7541, the criminal filing fee imposed on Cranshaw must be stricken. However, the record is unclear if the trial court found Cranshaw indigent based on the definitions in RCW 10.101.010(3)(a)-(c) as required in RCW 36.18.020(2)(h). We remand for the trial court to determine whether Cranshaw is indigent under RCW 10.101.010(3)(a)-(c) and therefore whether the criminal filing fee must be stricken.

Regarding the DNA collection fee, neither the parties nor the appellate record show that Cranshaw's DNA previously has been collected even though Cranshaw has been convicted of several felonies in Washington. We remand for the trial court to determine whether Cranshaw's

DNA previously has been collected and therefore whether the DNA collection fee imposed on Cranshaw must be stricken.

CONCLUSION

We affirm Cranshaw's conviction of possession of a controlled substance, but we remand for the trial court to determine whether the criminal filing fee and DNA collection fee must be stricken from the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.


We concur:

_____
MELNICK, J.

_____
SUTTON, J.