# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51705-1-II |
| Respondent, | |
| v. | |
| ERNEST RICHARD ROTH, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — A jury convicted Ernest Roth of one count of possession of a controlled substance. Roth contends that insufficient evidence supports his conviction, the prosecutor committed misconduct, the trial court erred in denying a motion to redact portions of an exhibit, he received ineffective assistance of counsel, and the trial court erred in imposing legal financial obligations (LFOs).

We affirm.

## FACTS

In September 2017, Detective Mathew Schlecht observed two marijuana plants about 8 or 9 feet in front of Roth's trailer. Schlecht called Roth who confirmed that he knew about the plants, stating that they belonged to his wife, Amy.[1]

---

[1] Since Amy Roth shares the same last name as the defendant, for purposes of clarity, we use her first name. We intend no disrespect.

The State charged Roth with possession of a controlled substance. At trial, the State sought to introduce a witness statement (Exhibit 4) written by Roth in May 2017. The State wanted to use the statement to impeach Amy's character for truthfulness. The purpose of Amy's testimony was to establish that she, and not Roth, was the sole caretaker of the plants. In the witness statement, Roth wrote:

> I got a phone call from my nabor (Bob) around 10:30 pm . . . Monday night. He said Amy was at the trailer . . . and wondered if everything was ok. I said (NO) . . . Amy was not supost to be there and that he should call the police. Bob said he didn't want to. I said I well. Called 911 and they transfered me to the Pe Ell Marshal. . . . He called and said no one was there and the door was brocken at the lock. I ask the marshell to go in side to . . . retrieve my pistol and to secure the door the best he could. I told the marshell that my wife Amy was on DOC and that she didnot have promison from her DOC officer to be there at the trailer that time or day. . . . [G]ot home at 8:00 am and proceeded to repair the door lock, then I looked in side . . . money (change) in a drawer was gone. Some of the majarona (weed) was gone. All of the Jewery (Rings) (Neckless) Ect. was gone.

Clerk's Papers (CP) at 88 (Ex. 4).[2]

The trial court ruled the statement inadmissible to impeach Amy's honesty under ER 608(b). Later, the State offered the same document to prove Roth resided at the trailer where the police found the marijuana. Roth objected that much of the document was irrelevant. He requested to redact everything in the document except the address. The address appeared at the top of the statement. The actual handwritten statement, quoted above, appeared below the address. The court ruled that the entire document was admissible but told Roth that he could propose a limiting instruction and the court would give it. Roth never requested the limiting instruction.

---

[2] We are quoting Roth's statement verbatim as written.

At trial, the court admitted the statement in its entirety. The State confirmed with the Deputy Marshal Dean Rivers, who observed Roth write the statement, that the address was accurate.[3] Schlecht confirmed that the phone number on the statement matched the number he called to contact Roth about the marijuana plants. The State did not otherwise mention the content of the statement.

Witnesses testified that Amy grew and consumed the marijuana. Amy admitted planting the marijuana plants for her own medicinal use. She testified that Roth had not helped her with growing the plants and that he does not smoke marijuana.

Roth testified that the plants belonged to Amy. On cross-examination, the prosecutor showed Roth a photo of the area of the trailer where the marijuana grew. It contained other items like a bicycle, flowerpots, and a tent. The prosecutor asked if Roth would want him taking any of the items around the trailer, and Roth replied, "Well, no." 1 Report of Proceedings (RP) at 101.

During closing argument, the prosecutor illustrated the difference between actual and constructive possession. In so doing, he also recounted how Roth said he would be upset if someone took items from the area where the marijuana grew. He ended the portion of the closing statement about constructive possession with, "So this stuff was clearly associated with Mr. Roth. He testified on the stand that he had control over the area where the marijuana was located. So he constructively possessed the marijuana." 2 RP at 135.

---

[3] The address listed on the statement was 520 South Main, but Rivers confirmed that he had multiple contacts with Roth at 520 North Main. The marijuana was found at 520 North Main.

The court instructed the jury on constructive possession:

Possession means having a substance in one's custody or control.  It may be either actual or constructive.  Actual possession occurs when the item is in the actual physical custody of the person charged with possession.  Constructive possession occurs when there is no actual physical possession but there is dominion and control over the substance.

Proximity alone without proof of dominion and control is insufficient to establish constructive possession.  Dominion and control need not be exclusive to support a finding of constructive possession.

In deciding whether the defendant had dominion and control over a substance, you are to consider all the relevant circumstances in the case.  Factors that you may consider, among others, include whether the defendant had the immediate ability to take actual possession of the substance, whether the defendant had the capacity to exclude others from possession of the substance, and whether the defendant had dominion and control over the premises where the substance was located.  No single one of these factors necessarily controls your decision.

CP at 28 (Instr. 7).

The jury found Roth guilty.

At the sentencing hearing, the court did not find Roth to be indigent.  The court sentenced Roth to five days of electric home monitoring.  Roth appeals.

ANALYSIS

I.    SUFFICIENCY OF THE EVIDENCE

Roth argues insufficient evidence supports his conviction for possession of a controlled substance because the State only proved that he had dominion and control over the premises on which the marijuana plants were found.  He contends that no evidence suggested that he had the dominion and control over the plants themselves.  We disagree.

To determine whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether a rational fact finder could have found the elements of the crime beyond a reasonable doubt.  *State v. Engel*, 166 Wn.2d 572, 576, 210 P.3d 1007 (2009).  In claiming insufficient evidence, "the defendant necessarily admits the truth

4

of the State's evidence and all reasonable inferences that can be drawn from it." *State v. Drum*, 168 Wn.2d 23, 35, 225 P.3d 237 (2010). Any inferences "'must be drawn in favor of the State and interpreted most strongly against the defendant.'" *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

"Possession" of an item may be "actual or constructive to support a criminal charge." *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). Actual possession is where the defendant "has physical custody of the item," whereas constructive possession is where the defendant "has dominion and control over the item." *Jones*, 146 Wn.2d at 333.

A person's dominion and control over the premises where drugs are found is one of the circumstances from which a jury can infer constructive possession of the drugs. *State v. Shumaker*, 142 Wn. App. 330, 334, 174 P.3d 1214 (2007). However, having dominion and control over the premises containing the item does not, by itself, prove constructive possession. *State v. Davis*, 182 Wn.2d 222, 234, 340 P.3d 820 (2014).[4]

Here, drawing all inferences in the State's favor, we conclude that, when viewing the evidence in the light most favorable to the State, sufficient evidence exists such that a rational trier of fact could have found beyond a reasonable doubt that Roth constructively possessed the marijuana.

---

[4] Many cases dealing with constructive possession, including *State v. Reichert*, have stated that dominion and control over the premises creates a rebuttable presumption that the person also has dominion and control over the items on the premises. 158 Wn. App. 374, 390, 242 P.3d 44 (2010). We do not engage in fact finding; therefore, we do not apply presumptions. Previous decisions have conflated presumptions and inferences. The parties in this case did not brief this issue, but we want to make it clear that we are not applying a presumption.

In *State v. Reichert*, the State charged the defendant with unlawful possession of marijuana with intent to manufacture or deliver. 158 Wn. App. 374, 378, 242 P.3d 44 (2010). The State presented evidence that the defendant resided in the home where the police found marijuana. *Reichert*, 158 Wn. App. at 389. After a jury convicted him, the defendant appealed, arguing that insufficient evidence supported the finding that he had constructive possession of the marijuana. *Reichert*, 158 Wn. App. at 390-91.

The court disagreed. It stated that residing on the premises where the marijuana was found is one circumstance from which a jury can infer constructive possession. *Reichert*, 158 Wn. App. at 390. The court recognized that this evidence, alone, was not enough, but noted that additional evidence supported the constructive possession inference, including a strong smell of marijuana from a safe in the defendant's room. *Reichert*, 158 Wn. App. at 391. Therefore, the court concluded that sufficient evidence supported the conviction.

Similar to *Reichert*, evidence established that Roth resided in the home where the marijuana was found. In addition to owning and residing part time at the trailer, other items belonging to Roth were located in the same area as the marijuana plants. When the prosecutor asked Roth if he would want him taking something from the area where he and Amy kept the marijuana and other personal items, Roth replied "no." Roth had dominion and control over the area outside the trailer, over other items near the marijuana plants, and would have resisted if someone had tried to take any of those items.

Viewing the evidence in a light most favorable to the State, the jury could have inferred that Roth possessed the marijuana plants, because, like the other items outside the trailer, they were under his dominion and control. Therefore, it could have found the element of possession

6

beyond a reasonable doubt. We conclude that sufficient evidence supports Roth's conviction for possession of a controlled substance.

## II.    PROSECUTORIAL MISCONDUCT

Roth argues that during closing argument, the prosecutor mischaracterized the law by saying that dominion and control over the premises established possession of the items thereon. According to Roth, the mischaracterization prejudiced him because he raised a defense that, despite owning and controlling the premises, he did not have possession or control over the plants because they were in exclusive control of his wife. We disagree.

"Prosecutorial misconduct may deprive a defendant of his constitutional right to a fair trial." *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 703-04, 286 P.3d 673 (2012). To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial. *Glasmann*, 175 Wn.2d at 704. We review the prosecutor's conduct and whether prejudice resulted therefrom "by examining that conduct in the full trial context, including the evidence presented, 'the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given to the jury.'" *State v. Monday*, 171 Wn.2d 667, 675, 257 P.3d 551 (2011) (internal quotation marks omitted) (quoting *State v. McKenzie*, 157 Wn.2d 44, 52, 134 P.3d 221 (2006)). During closing argument, a prosecutor has "wide latitude in drawing and expressing reasonable inferences from the evidence." *State v. Hoffman*, 116 Wn.2d 51, 94-95, 804 P.2d 577 (1991). However, a prosecutor may not misstate the law to the jury. *State v. Swanson*, 181 Wn. App. 953, 959, 327 P.3d 67 (2014).

To prevail on his argument here, Roth must first show that the statement was improper.

During closing argument, the prosecutor stated, "[Roth] testified on the stand that he had control over the area where the marijuana was located. So he constructively possessed the marijuana." 2 RP at 135.

We do not evaluate prosecutorial misconduct claims by viewing the allegedly improper statements in isolation. *Monday*, 171 Wn.2d at 675. The prosecutor gave an example of constructive possession that emphasized the importance of the ability to control and direct the object, rather than mere ownership. He then argued how Roth had the ability to access and control the area and to exclude others from taking objects from it. He concluded by saying Roth had dominion and control over the area where the marijuana was found. The entirety of the closing statement emphasized not just possession of the property, but also the relevance of having dominion and control over specific items on the property in close proximity to the marijuana, as well as the marijuana itself. Therefore, the statement was not improper, and we need not determine prejudice.

III.    MOTION TO REDACT

Roth argues that the trial court erred by denying his motion to redact specific irrelevant statements in Exhibit 4. He claims that any information besides the phone number and address were irrelevant. Roth argues that the error was prejudicial because his defense relied on Amy's testimony to establish that the marijuana plants belonged exclusively to her, and the unredacted information impeached her credibility. We disagree.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." ER 401. To be relevant, evidence must meet two requirements: (1) The evidence must have a tendency to prove

8

or disprove a fact; and (2) this fact must be of consequence in the context of other facts and the applicable substantive law. *State v. Rice*, 48 Wn. App. 7, 12, 737 P.2d 726 (1987). "The threshold to admit relevant evidence is low, and even minimally relevant evidence is admissible." *State v. Gregory*, 158 Wn.2d 759, 835, 147 P.3d 1201 (2006).

We conclude that the narrative portion of Exhibit 4 was relevant. The State had to prove that Roth lived at the trailer to prove the element of possession. In addition to the address, the statement included relevant information showing that Roth owned and resided in the trailer. The statement that Amy did not have permission to be at the trailer at that time showed that Roth had dominion and control over the premises and the area where the police found the marijuana and that Amy may not have. The statement also includes Roth referencing the trailer as "home" and somewhere he kept personal items. Roth's attorney used an all or nothing strategy, and anything that may not have been relevant was clearly not prejudicial. The court did not abuse its discretion by denying the motion to redact.

IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Roth argues that his attorney provided ineffective assistance when he failed to object to the narrative portion of Exhibit 4 under ER 403 and ER 404(b) because it included a statement that Roth had previously possessed marijuana. Roth contends that the admission of this statement would "encourage[] the jury to do away with that logic" and find that he had a propensity to possess marijuana. Br. of Appellant at 19. We disagree.

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011).

Legitimate trial strategy or tactics cannot serve as the basis for a claim of ineffective assistance of counsel. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). "The burden is on a defendant alleging ineffective assistance of counsel to show deficient representation based on the record established in the proceedings below." *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). We do not consider matters outside the trial record. *State v. Linville*, 191 Wn.2d 513, 525, 423 P.3d 842 (2018).

Here, no evidence in the record indicates whether counsel made a tactical decision to object under ER 401 but not under ER 403 or 404(b). Because his counsel's strategic or tactical decisions are not presented in the record, we conclude that Roth cannot prevail on his claim of ineffective assistance of counsel. *Linville*, 191 Wn. 2d at 524-25 (concluding that lack of evidence of counsel's strategic or tactical decisions on the record precluded the court from evaluating whether or not the counsel's performance was deficient).

V.      LFOs

Roth argues that because he is indigent, the criminal filing fee and attorney fees are no longer authorized based on the legislative amendments to the LFO statutes. *State v. Ramirez*, 191 Wn.2d 732, 738, 426 P.3d 714 (2018).

RCW 10.01.160(3) provides that the court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a)-(c). The judge specifically stated he would not sign the order of indigency at sentencing because of Roth's current income. We reject Roth's claim because he was not indigent at the time of sentencing.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Glasgow, J.